**IN THE SUPERIOR COURT
OF GUAM**

IN RE PETITION OF

CORE TECH INTERNATIONAL CORP.,

                    Petitioner,

vs.

OFFICE OF PUBLIC ACCOUNTABILITY,

                    Respondent,

GUAM DEPARTMENT OF PUBLIC WORKS,
GOVERNMENT OF GUAM,

               Real Party in Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Special Proceedings Case No. SP0196-17
Special Proceedings Case No. SP0026-18

**DECISION & ORDER**

**INTRODUCTION**

This matter came before the Honorable Michael J. Bordallo on Real Party in Interest Guam Department of Public Works, Government of Guam's Motion to Dismiss. Assistant Attorney General Duane Sablan represents the Real Party in Interest. Attorney Anthony Camacho represents Respondent Office of Public Accountability. Attorneys Joyce Tang, Leslie Travis, and Anita Arriola represent Petitioner Core Tech International Corp. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order granting Real Party in Interest's Motion to Dismiss.

## BACKGROUND

This matter arises out of Core Tech International Corp.'s ("Core Tech") Verified Petition for Alternative and Preemptory Writ of Mandamus filed on December 20, 2017. Specifically, Core Tech seeks a Writ of Mandamus to disqualify Assistant Attorney General Thomas Keeler ("Mr. Keeler") from representing Real Party in Interest Department of Public Works ("DPW") in a procurement appeal previously raised by Core Tech and to issue a subpoena ordering Mr. Keeler's attendance and testimony at the procurement appeal.

On February 16, 2018, DPW filed the present motion seeking dismissal of Core Tech's Petition. DPW argues that this Court does not have jurisdiction to review the Office of Public Accountability's ("OPA") decision because it was not a final written decision. Additionally, DPW asserts that this Court's exercise of writ jurisdiction is inappropriate because the OPA's decision was not patently erroneous. On February 26, 2018, Respondent Office of Accountability filed a Non-Opposition to and Joinder with DPW's Motion to Dismiss. On March 16, 2018, Core Tech filed an Opposition in response. Core Tech argues that its Petition for Writ is not precluded by OPA statutes. Core Tech also argues that writ reviews of orders regarding disqualification are appropriate under the present circumstances. DPW filed a Reply on March 30, 2018. The Court subsequently took the matter under advisement. On April 3, 2018, the Honorable Maria T. Cenzon ordered SP0026-18, a similar case with the same parties and common questions of fact and law, consolidated with this matter.

## ISSUES

Whether this Court has jurisdiction to hear Core Tech's Verified Petition for Alternative and Preemptory Writ of Mandamus.

## FACTS

1. Assistant Attorney General Thomas Keeler serves as counsel for DPW. DPW officials have represented that a Notice of Default/Termination issued to Core Tech on August

2. On September 7, 2017, Core Tech filed a procurement protest with DPW alleging that the documents required by DPW in its Invitation for Bids was prejudicial to bidders. On September 29, 2017, DPW denied Core Tech's protest.

3. On October 16, 2017, Core Tech filed a procurement appeal with the Office of Public Accountability. Core Tech argued that the timing of the August 24, 2017 Notice of Default/Termination demonstrates that DPW officials acted in a manner to intentionally discriminate and retaliate against Core Tech for previous protests and appeals.

4. The parties represent that the formal hearing in the procurement appeal Docket No. OPA-PA-17-009 was scheduled for December 20, 2017. Core Tech filed its Petition in this Court on the same day and informed the Public Auditor. As a result, Hearing Officer Anthony Camacho informed the parties that the appeal would be stayed.

## PRINCIPLES OF LAW

### Subject Matter Jurisdiction

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Pub. Co., Inc. v. General Tel. & Electrironics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, "a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings." A.V. by Varela v. Panama-Buena Vista Union School Dist., 292 F.Supp.3d 992, 1000 (E.D. Cal. 2017).

With respect to a facial attack,

> The attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party

fails to allege an element necessary for subject matter jurisdiction. However, in the case of a facial attack, district courts may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.

Id. (internal citations omitted).

## Writ of Mandate

Guam law provides the following with regard to a Writ of Mandate:

7 G.C.A. § 31202. When and by What Court Issued

It may be issued by any court, [except a commissioner's court or police court] to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person.

7 G.C.A. § 31203. When and Upon What Writ to Issue

The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. It must be issued on the verified petition of the party beneficially interested.

7 G.C.A. § 31204. Writ: Alternative or Peremptory

The writ may be either alternative or peremptory. The alternative writ must command the party to whom it is directed, immediately after the receipt of the writ, or at some other specified time, to do the act required to be performed or to show cause before the court at a specified time and place why he has not done so. The peremptory writ must be in a similar form, except that the words requiring the party to show cause why he has not done as commanded must be omitted and a return day inserted.

The Supreme Court of Guam has explained that a "writ of mandate is an extraordinary remedy that may be issued by a court to compel the performance of an act which the law specifically enjoins, only if the party seeking the writ has no plain, speedy or adequate remedy in the ordinary course of law." Guam Fed. Of Teachers ex rel. Rector v. Perez, 2005 Guam 25 ¶ 28. Further, "the primary purpose of *mandamus* is the enforcement of a plain, nondiscretionary legal duty to act. *Mandamus* will not issue to

compel performance of an act by one not having a clear, present, and usually ministerial duty to perform that act." Id. (internal citations omitted) (italics in original). Thus, a petitioner for *mandamus* relief has the burden of demonstrating "(1) a clear, present and usually ministerial duty on the part of the respondent; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty." Id. Finally, "whether the issuance of an extraordinary writ is the appropriate remedy lies in the discretion of the court." People v. Superior Court of Guam, 2001 Guam 26 ¶ 5.

## Procurement Appeals to the Public Auditor

The Guam Administrative Rules and Regulations ("GAR") govern appeals of decisions of the Office of Public Accountability. The GAR provides:

§ 12103. Jurisdiction of the Public Auditor; Exhaustion of Remedies

(a) The Public Auditor shall have the power to review and determine *de novo* any matter properly submitted to her or him... The Public Auditor shall have the power to compel attendance and testimony of, and production of documents by, any employee of the government of Guam, including any employee of any autonomous agency, public corporation or board or commission... The Public Auditor's jurisdiction shall be utilized to promote the integrity of the procurement process and the purposes of 5 GCA Chapter 5.

(b) Effect of Judicial Proceedings. If an action concerning the procurement under Appeal has commenced in court, the Public Auditor shall not act on the Appeal except to notify the parties and decline the matter due to Judicial involvement. This Section shall not apply where a court requests the decision of the Public Auditor...

§ 12110. Decisions of the Public Auditor

(a) Within thirty (30) days of a hearing on an appeal or after the parties have formally waived a hearing, as provided for by 2 GAR, Div. 4, Chap. 12, § 12108(a), the Public Auditor shall issue a final written decision or take other appropriate action. The Public Auditor's final decision, which shall be made part of the record, shall recite the evidence relied upon which the decision is based.

(b) The final decision shall inform the parties of their right to judicial review under 5 GCA Chapter 5, Article 9 (Legal and Contractual Remedies) of the Guam Procurement Law.

§ 12111. Finality of Decisions

(a) Appeal. Any person receiving an adverse decision, the government or

autonomous agency or public corporation, or both, may Appeal from a decision by the Public Auditor to the Superior Court of Guam.

## ANALYSIS

Core Tech filed its Petition for Alternative and Peremptory Writ of Mandamus requesting the Court to issue a writ directing the OPA to (1) disqualify Assistant Attorney General Thomas Keeler from representing DPW and (2) to issue a subpoena to Mr. Keeler ordering his attendance and testimony at the hearing in the Procurement Appeal. DPW filed the present Motion to Dismiss arguing that this Court lacks subject matter jurisdiction over Core Tech's Petition.

The Court finds that DPW does not challenge the truth of Core Tech's facts as alleged. Instead, the Court finds that DPW challenges this Court's subject matter jurisdiction over Core Tech's Petition solely on the pleadings. Thus, the Court will consider all of Core Tech's factual allegations as true and determine whether the Court has subject matter jurisdiction over Core Tech's Petition.

Taking all of Core Tech's factual allegations as true, the Court finds that the circumstances of this matter do not warrant the extraordinary remedy of a writ of mandate. First, the Court finds that Core Tech is not without a plain, speedy, or adequate remedy in the ordinary course of law. While the Hearing Officer stayed the procurement appeal because of Core Tech's Petition in this Court, the Court finds that the Guam Administrative Rules and Regulations give Core Tech a plain and adequate remedy. Core Tech can proceed with its procurement appeal, and can further appeal the OPA's final decision once it has been made in writing. Thus, the Court determines that Core Tech has a plain, speedy, and adequate remedy in the ordinary course of law notwithstanding the fact that the procurement appeal hearing has been stayed. Secondly, the Court finds that the extraordinary remedy of a writ of mandate is

not appropriate in this matter because the relief Core Tech seeks does not involve a plain, nondiscretionary legal duty to act. The Court is without any evidence that the making the decision to disqualify counsel is a clear, present, and usually ministerial duty held by the Office of Public Accountability. Additionally, the Court finds that such a decision involves an appreciable amount of discretion. Thus, while this Court has the authority to issue writs of mandate, the Court determines that the circumstances of this matter do not give this Court subject matter jurisdiction over the Petition. Further, the facts of this matter do not warrant the extraordinary remedy of a writ of mandate. Accordingly, the Court will dismiss Core Tech's Petition as the Court does not have the requisite subject matter jurisdiction to proceed.

## CONCLUSION AND ORDER

Based on the foregoing, Real Party in Interest Department of Public Works' Motion to Dismiss is GRANTED. The Court hereby DISMISSES Petitioner Core Tech International Corp.'s Verified Petition for Alternative and Preemptory Writ of Mandamus. The Office of Public Accountability may proceed with its procurement appeal hearing in Docket No. OPA-PA-17-009.

SO ORDERED, this _____ day of _____ 2018.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
OFFICE of the AG -CIVIL
Anthony R. Camacho, Esq.
Date: 6-8-18   Time: 2:11 pM
A. Taitos
Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
ARRIOLA, COWAN
& ARRIOLA, CIVILLE & TANG
Date: 6-8-18   Time: 2:11 PM
A. Taitos
Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam